IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
CIVIL DIVISION

CLAYTON ERNES and
his wife, NANCY ERNES,
individually, and by and through
ESTA KNIPPER,

Case No.:10-CA-000819
Division: A

    Plaintiffs,

Case No.: 09-CA-011925
Division: A

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
a Foreign Corporation,

    Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND EXTEND TIME FOR SERVICE

THIS CAUSE having come before the Court upon Plaintiffs' Motion for Leave to Amend Complaint and Extend Time for Service, said motion is hereby GRANTED, as follows:

1. Plaintiff(s) are given leave to file an amended Complaint which shall be filed within thirty (30) days from the date of this Order;

2. The time for serving the amended Complaint is extended to and including March 18, 2011.

DONE and ORDERED in Tampa, Hillsborough County, Florida, on this __14__ day of February, 2011.

                                          HONORABLE SAM D. PENDINO

Conformed copy furnished to:
Raymond A. Haas, Esquire
Lefferts L. Mabie, III, Esquire

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
CIVIL DIVISION

CLAYTON ERNES and
his wife, NANCY ERNES,
individually, and by and through
ESTA KNIPPER,

      Plaintiffs,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
a Foreign Corporation,

      Defendant.
_____/

Case No.:10-CA-000819
Division: A

Case No.: 09-CA-011925
Division: A

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND EXTEND TIME FOR SERVICE

COME NOW the Plaintiffs, CLAYTON ERNES and his wife, NANCY ERNES, individually, and, by and through ESTA KNIPPER, by and through their undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.190, hereby file this, their Motion for Leave to Amend Complaint and Extend Time for Service, and as grounds therefore would state:

1. Subsequent to the filing of this cause of action by Esta Knipper against Allstate Property and Casualty Insurance Company, Esta Knipper's cause of action against Allstate Property and Casualty Insurance Company was

KB

acquired by Clayton Ernes and Nancy Ernes. The Court allowed Plaintiff's until February 15, 2011, within which to serve the revised complaint;

2. Newly associated co-counsel has appeared (Notice of Appearance attached hereto) in this matter and requested an additional modification of the complaint and a brief period, not to exceed thirty (30) days, within which to serve the an amended complaint upon Defendant.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter an Order granting Plaintiffs' additional leave to amend to more fully assert all claims and damages for which Plaintiffs are entitled and for the purposes of effectuating service to March 18, 2011.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and complete copy of the foregoing was furnished by email to Co-Counsel for Plaintiff, Lefferts L. Mabie, III, LEFFERTS MABIE, P.A., Post Office Box 499, Tampa, Florida 33602; this _14th_ day of February, 2011.

RAYMOND A. HAAS, ESQUIRE
Florida Bar No. 0137301
HAAS, LEWIS, DIFIORE & AMOS, P.A.
Post Office Box 23567
Tampa, Florida 33623
Phone: (813) 253-5333
Facsimile: (813) 254-8555
Attorneys for Plaintiffs

/ckn

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
CIVIL DIVISION

CLAYTON ERNES and
his wife, NANCY ERNES,

    Plaintiffs,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
a Foreign Corporation,

    Defendant.

Case No.: 10-CA-000819
Division: A

---

ESTA KNIPPER,

    Plaintiff,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
a Foreign Corporation,

    Defendant.

Case No.: 09-CA-011925
Division: A

_____/

## AMENDED ORDER

THIS CAUSE having come before the Court upon Plaintiffs' Motion to Consolidate, as well as Motion for Leave to Amend and extend the time for service

Page 1 of 2

of process, said motions are **GRANTED**, as follows:

1. These actions shall be consolidated and the Court directs the Clerk of the Circuit Court to take such actions as are necessary to consolidate both of these actions which are Division A cases, into Case No.: 09-CA-011925;

2. Plaintiff(s) are given leave to file an Amended Complaint which shall be filed no later than January 15, 2011;

3. The time for serving the Amended Complaint is extended to and including February 15, 2011.

**DONE and ORDERED** in Tampa, Hillsborough County, Florida, on this 15 day of December, 2010.

_____
HONORABLE SAM D. PENDINO

Conformed copy furnished to:
Raymond A. Haas, Esquire

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL

ESTA KNIPPER,

    Plaintiff,

vs.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
a foreign corporation,

    Defendant.
_____/

CASE NO.: 09 11925
DIVISION: DIVISION A

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ESTA KNIPPER, sues the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter referred to as "ALLSTATE"), a foreign corporation, for damages, and alleges as follows:

1. This is an action for damages which exceed the sum of $15,000.00, exclusive of costs, interest, and attorneys' fees.

2. This is a cause of action for damages based upon common law bad faith committed by a liability insurer.

3. At all times material hereto the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, is and was a foreign corporation authorized to do business in the State of Florida with an agent or representative located in Hillsborough County, Florida.

4. At all times material hereto the Plaintiff, ESTA KNIPPER, owned and operated an automobile that constituted a dangerous instrumentality on the roads and highways of the State of Florida.

5. At all times material hereto, Clayton Ernes and Nancy Ernes were husband and wife.

6. On or about January 24, 2008, Clayton Ernes operated a motor vehicle on the roads and highways of the State of Florida.

7. At the aforementioned time and place the Plaintiff, ESTA KNIPPER, operated or maintained her motor vehicle so as to collide with the vehicle driven by Clayton Ernes.

8. As a direct and proximate result of the conduct of the Plaintiff, ESTA KNIPPER, Clayton Ernes suffered bodily injuries and damages consisting of pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

9. As a direct and proximate result of the conduct of the Plaintiff, ESTA KNIPPER, Nancy Ernes suffered a loss and impairment of the services, companionship and consortium of her spouse, Clayton Ernes, and will continue to suffer such loss and impairment in the future.

10. At all material times, Defendant, ALLSTATE, provided liability insurance to named insured ESTA KNIPPER, Policy No. 961627967, with bodily injury liability

(BI) limits totaling $100,000.00 (One Hundred Thousand and No/100 Dollars) per person. Said policy was in full force and effect on the date of the aforementioned accident and provided coverage to the Plaintiff, ESTA KNIPPER, for liability resulting from any negligence committed by her that was the proximate cause of injury to Clayton Ernes and Nancy Ernes. The Plaintiffs are not in possession of a certified copy of said insurance policy but the terms and conditions of the policy are well-known to the Defendant herein.

11. The Plaintiff, ESTA KNIPPER, has complied with all of the terms and requirements of the insurance contract described above. Further, notice of the aforesaid accident was timely given to the Defendant, ALLSTATE.

12. Defendant received timely notice of the suit captioned "<u>Clayton Ernes and Nancy Ernes, his wife, Plaintiffs v. Esta Knipper, Defendant</u>," Case No.: 51-2008-CA-2628, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

13. Defendant knew or should have known that the facts sufficiently certain as to liability so that it was probable that a verdict and judgment in favor of Clayton Ernes and Nancy Ernes would be entered against ESTA KNIPPER on the issue of liability and damages in that case if the claim were not settled.

14. Defendant knew or should have known that the injuries sustained by Clayton Ernes and Nancy Ernes was of such a nature that if the case were not settled, it would result in a verdict and judgment in favor Clayton Ernes and Nancy Ernes against ESTA KNIPPER in an amount in excess of the policy limits of the liability policy issued by Defendant.

15. The underlying litigation proceeded wherein a Final Judgment was entered in favor of Clayton Ernes and Nancy Ernes against ESTA KNIPPER for the sum of one million six hundred thousand dollars ($1,600,000.00), that shall bear interest at the statutory rate each year, for which sums let execution issue, on April 9, 2009. The Final Judgment referred to herein is attached and incorporated by reference as **Exhibit A**.

16. By virtue of the insurance contract, Defendant and its employees and agents had a duty to use due care in the investigation of said accident and in the handling of the claim and in evaluation of the claim for settlement purposes, and had a duty to act in good faith and give due consideration to the interests of its insured, in the negotiation and settlement of the claim and to consider all of the circumstances of the claim, and to settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.

17. Defendant was further obligated to advise its insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment and to advise the insured of any steps he might take to avoid same.

18. Defendant breached the duty it owed to the Plaintiff and acted in bad faith in that, under all the circumstances, it acted in its own interests and disregarded the interests of its insured in that:

a. It failed to accept a reasonable settlement offer and opportunity to settle this case within its policy limits when it could and should have done so, had it considered the claim as a reasonably prudent person would have if faced with the prospect of paying the entire recovery;

b. It failed to accept a reasonable settlement offer and opportunity to settle this case within policy limits when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward the insured and with due regard for the insured's interests;

c. It failed to exercise reasonable care and good faith in the investigation, negotiation, and attempted settlement of the claim made against its insured;

d. It failed to advise its insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid the same; and

e. It negligently handled the investigation, evaluation, negotiation and settlement of Plaintiff's claims against its insured.

19. The settlement offer which the Defendant failed to accept was presented in Hillsborough County where performance of the settlement conditions was to occur.

20. As a result of Defendant's bad faith in its handling of the claim and failure to settle the case within the policy limits and to properly advise its insured, the aforementioned Final Judgment was entered.

21. Plaintiff is entitled to recover damages against the Defendant for its bad faith.

22. Plaintiff was required to retain the services of the undersigned attorneys to bring this action and is obligated to pay said attorneys their fees and costs.

WHEREFORE, the Plaintiff demands judgment against the Defendant for the total amount of $1,600,000.00, plus pre-judgment interest at the legal rate from the date of entry of the original Final Judgment, post judgment interest, the costs associated with

5

bringing this action and the attorneys fees associated with prosecuting this action (including but not limited to under Section 627.428, Florida Statutes and any other applicable contract or statute), and any other damages recoverable by law.

### Trial By Jury

Plaintiff demands **trial by jury** on all issues so triable in this matter.

_____
Michael S. Rywant, Esquire
**Trial Counsel**
Fla. Bar No. 240354
mrywant@rywantalvarez.com
Kerry C. McGuinn, Jr., Esquire
Trial Counsel
Fla. Bar. No. 982644
kmcguinn@rywantalvarez.com
Rywant, Alvarez, Jones, Russo & Guyton
109 North Brush Street, Suite 500
Tampa, Florida 33601
Attorney(s) for Plaintiff, Knipper

4041-000

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA
CIVIL DIVISION

CLAYTON ERNES and
NANCY ERNES, his wife,

    Plaintiffs,

vs.

Case No. 51-2008-CA-2628

ESTA KNIPPER,

    Defendant.

_____/

## FINAL JUDGMENT

PURSUANT to the stipulation of the parties in this action:

IT IS ADJUDGED that Plaintiffs, CLAYTON ERNES and NANCY ERNES, recover from Defendant, ESTA KNIPPER, the sum of One Million Six Hundred Thousand Dollars ($1,600,000.00), that shall bear interest at the statutory rate, for which sum let execution issue.

DONE AND ORDERED this 9th day of April, 2009, in Dade City, ~~New Port Richey~~, Pasco County, Florida.

                    HONORABLE SUSAN GARDNER
                    CIRCUIT COURT JUDGE

Copies furnished to:
David Reed, Esquire
Raymond A. Haas, Esquire

EXHIBIT A